■ LORI A. PARISI, an Infant, by DOROTHY J. PARISI, Her Parent and Natural Guardian, Respondent, v HARPURSVILLE CENTRAL SCHOOL DISTRICT et al., Appellants.—Mikoll, J. Appeal from an order of the Supreme Court (Smyk, J.), entered July 14, 1989 in Broome County, which denied defendants' motion for summary judgment dismissing the complaint.

The issue to be resolved on this appeal is whether questions of fact exist requiring a trial on the issue of defendants' alleged negligence in failing to use reasonable care in supervising a girl's softball practice session and in failing to provide proper protective equipment to plaintiff. Because a review of the record reveals that various factual issues exist, the order of Supreme Court denying defendants' motion for summary judgment should be affirmed.

Defendant Jennifer Smith was the coach of the Harpursville girls' modified softball team on April 30, 1987, when plaintiff, then 13 years of age, was injured while catching pitches for a pitcher during a practice session. The practice was conducted by Smith in the gymnasium of defendant Harpursville Central School District. Although plaintiff normally played second base, she had volunteered to catch for one of the pitchers on

this particular occasion. Assisting Smith was defendant Roger Rowe, who Smith considered to be an expert in the area of softball pitching.

At the beginning of practice, Rowe demonstrated proper softball pitching techniques, including "windmill" and "sling shot" high velocity pitches. The pitchers were then instructed to commence pitching. Rowe continued to instruct the pitchers after the practice pitching commenced. Shortly after the drill began, one of the pitchers threw the ball about 40 feet to plaintiff. However, as plaintiff, who had looked up at a clock in the gymnasium to check the time, turned around to put her glove on, the pitched ball struck her in the face causing facial injuries. As a result, plaintiff commenced this negligence action. Depositions were taken and affidavits submitted on defendants' motion for summary judgment dismissing the complaint. Supreme Court denied the motion and this appeal ensued.

Defendants were required to exercise reasonable care to protect plaintiff from any unassumed, concealed or unreasonably increased risks during the practice session (see, Benitez v New York City Bd. of Educ., 73 NY2d 650, 658). Although catchers' protective equipment, including two face masks, was available in the gymnasium, neither Smith nor Rowe instructed anyone to use any of the equipment. A handbook issued by the State Public High School Athletic Association governing interscholastic modified sports programs stated that catchers playing modified softball are to wear a helmet and mask and that "[a]ny player warming up a pitcher, on or off the field, shall wear protective equipment". Expert testimony raised the issue of whether the failure to supply a face mask for plaintiff's use or to instruct or require her to use a face mask was a breach of sound coaching practice (see, Moschella v Archdiocese of N. Y., 48 AD2d 856). In addition, factual questions regarding reasonable care in the supervision of the practice and proximate cause are presented which require resolution by a jury (see, Benitez v New York City Bd. of Educ., supra, at 659; see also, Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315).

Defendants also assert that the State Public High School Athletic Association handbook warned plaintiff of the risk inherent in playing interscholastic sports. However, any assumption of any risk which may be attributed to plaintiff through her voluntary participation in the softball practice is merely a factor to be considered by the jury in assessing

culpable conduct *(see, Arbegast v Board of Educ.,* 65 NY2d 161, 169-170).

Order affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.