■ GERALD R. LA MOUNTAIN et al., Individually and as Parents and Natural Guardians of MICHELLE LA MOUNTAIN, an Infant, Respondents, v SOUTH COLONIE CENTRAL SCHOOL DISTRICT et al., Appellants.—Casey, J. Appeal from an order of the Supreme Court (McDermott, J.), entered April 26, 1990 in Albany County, which denied defendants' motions for summary judgment dismissing the complaint.

Michelle La Mountain, who was then 15 years old and a student at South Colonie Central High School in Albany County, sustained injuries on October 7, 1988 while participating in a junior varsity soccer game between South Colonie and Guilderland High School. La Mountain had played organized soccer for four years prior to her injuries and had undergone the required physical examination prior to the start of the 1988 season. Her mother had executed a consent form permitting La Mountain to participate in this sport.

La Mountain's injuries occurred shortly before halftime, when she ran up to the ball, planted her left leg and attempted to kick the ball with her right foot. La Mountain claims that she was then run over by three Guilderland players and sustained injuries to her left knee and leg. The coaches of both teams stated that La Mountain was in open field with the nearest player 6 to 10 feet away from her at the time she fell.

Defendants, the two school districts involved, moved for summary judgment dismissing the complaint in this action brought by La Montain's parents. Supreme Court denied defendants' motions, finding that triable issues of fact existed regarding, *inter alia,* the standard of care owed by defendants to La Mountain. Defendants appeal.

Accepting plaintiffs' version of the manner in which La Mountain was injured, we find no breach of any duty owed to La Mountain by either of defendants and reverse the order of Supreme Court. There should be no dispute as to duty. The duty of care owed to a student who voluntarily participates in school athletics is ordinary reasonable care *(Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 656). While assumption of the risks involved in a sporting event is not an absolute defense, it is a measure of a defendant's duty of care *(see,*

*Turcotte v Fell,* 68 NY2d 432, 439). A board of education of a school district is required to exercise reasonable care to protect student athletes voluntarily involved in extracurricular sports only from unassumed, concealed or unreasonable increased risks *(see, Benitez v New York City Bd. of Educ., supra,* at 658; *see also, McGee v Board of Educ.,* 16 AD2d 99, 102, *lv denied* 13 NY2d 596).

On this record, there is simply no showing that La Mountain's injuries were the result of any breach of duty on the part of defendants. La Mountain's participation was totally voluntary and devoid of any inherent compulsion. La Mountain had four years of experience in the sport and was fully familiar with the manner in which it was played. The two teams were basically balanced and there was no showing that either defendant had any knowledge or notice of any intent on the part of the players who allegedly struck La Mountain to do her any intentional harm. As in the *Benitez* case, La Mountain's injury "was a luckless accident arising from the vigorous voluntary participation in competitive interscholastic athletics" *(Benitez v New York City Bd. of Educ., supra,* at 659). Accordingly, the order of Supreme Court should be reversed.

Order reversed, on the law, with costs, motions granted and complaint dismissed. Mahoney, P. J., Casey, Weiss, Crew III, and Harvey, JJ., concur.