■ CHERYL KENNEDY et al., Appellants, v ROCKVILLE CENTRE UNION FREE SCHOOL DISTRICT, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Wager, J.), entered October 16, 1990, which, upon granting the defendant's motion for summary judgment, dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff Kevin Kennedy was injured when he was struck by a ball during a pre-game warm-up session for his

high school junior varsity baseball team. According to the plaintiff, he had just caught a ball thrown to him by an outfielder, and was turning to return the ball to the batter when a second ball was hit into play, which struck him just below the eye. The injured plaintiff and his mother commenced this negligence action against the Rockville Centre Union Free School District, alleging that the defendant school district had failed to properly supervise the baseball warm-up. The defendant subsequently moved for summary judgment dismissing the complaint, contending, *inter alia,* that the injured plaintiff assumed the risk of being struck by a baseball when he voluntarily joined his high school baseball team. The Supreme Court granted the defendant's motion for summary judgment, and we now affirm.

Students who voluntarily participate in extracurricular sports "assume the risks to which their roles expose them" *(Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658), and thus a school district must exercise only "ordinary reasonable care to protect student athletes voluntarily involved in extracurricular sports from unassumed, concealed or unreasonably increased risks" *(Benitez v New York City Bd. of Educ., supra; La Mountain v South Colonie Cent. School Dist.,* 170 AD2d 914; *Parisi v Harpursville Cent. School Dist.,* 160 AD2d 1079). Awareness of the risk assumed is "to be assessed against the background of the skill and experience of the particular plaintiff" *(Maddox v City of New York,* 66 NY2d 270, 278).

At bar, the record establishes that the plaintiff Kevin Kennedy was an experienced amateur baseball player, who had participated in the sport since joining a little league at the age of eight. Although the injured plaintiff contends that the general practice of his team permitted only one ball to be in play at a time, we find that the risk that a second ball would be in play during a warm-up session was a forseeable risk inherent in the sport in which he was participating *(see, Checchi v Socorro,* 169 AD2d 807; *Cuesta v Immaculate Conception R. C. Church,* 168 AD2d 411; *Robinson v Town of Babylon,* 166 AD2d 434). Accordingly, we conclude that the Supreme Court properly awarded summary judgment to the defendant school district. Thompson, J. P., Eiber, Pizzuto and Santucci, JJ., concur.