■ PATRICIA ANN LABOY, Individually and as Parent and Natural Guardian of RAYMOND LABOY, an Infant, Respondent, v WALLKILL CENTRAL SCHOOL DISTRICT et al., Appellants. [607 NYS2d 746] —Casey, J. Appeal from an order of the Supreme Court (Torraca, J.), entered February 26, 1993 in Ulster County, which denied defendants' motions for summary judgment dismissing the complaint.

At issue on this appeal is whether a pole vaulter on a high school track team assumes the risk of injury as a matter of law when he attempts a vault at his first interscholastic competition and lands feet first on a seam in the landing mats, forcing them apart, which allows his knee to strike the pavement. Supreme Court denied defendants' motions for summary judgment. We affirm.

Plaintiff's son, Raymond Laboy, a 17-year-old student at Wallkill High School, joined the track team and received pole vault training from the track coach. The following month, he participated in his first competition at Red Hook Central High School. After Laboy had completed several successful vaults, the bar was moved to a height that was six inches higher than he had previously cleared in practice. During his second attempt at the height, Laboy realized that he was not going to clear the bar and he attempted a defensive maneuver to protect himself from injury. As a result, he landed feet first on a seam in the landing mats. The mats separated at the seam and Laboy's knee struck the pavement, resulting in an injury for which plaintiff seeks damages and derivative losses in this action based upon negligence.

Defendants contend that Laboy assumed the risk of his injury as a matter of law by participating in the sport of pole vaulting and, therefore, Supreme Court erred in denying their motions for summary judgment. Assumption of the risks involved in a sporting event "is not an absolute defense but a measure of the defendant's duty of care" (Turcotte v Fell, 68 NY2d 432, 439). The duty owed by a school district to students who voluntarily participate in extracurricular interscholastic sports is the exercise of reasonable care to protect them from unassumed, concealed or unreasonably increased risks (Benitez v New York City Bd. of Educ., 73 NY2d 650, 658). Awareness of the risk assumed must be assessed in light of the skill and experience of the particular plaintiff (Maddox v City of New York, 66 NY2d 270, 278). Considering Laboy's lack of

experience as a competitive pole vaulter and the evidence that his injury occurred when the landing mats failed to provide the protection they were intended to provide, we conclude that questions of fact have been raised as to whether defendants' negligence, if any, created a dangerous condition over and above the usual dangers that are inherent in the sport of pole vaulting and, if so, whether Laboy assumed the additional risk *(see, Owen v R.J.S. Safety Equip.,* 79 NY2d 967, 970). "Players who voluntarily join in extracurricular interscholastic sports assume the risks to which their roles expose them but not risks which are 'unreasonably increased or concealed' " *(Benitez v New York City Bd. of Educ., supra,* at 658, quoting *McGee v Board of Educ.,* 16 AD2d 99, 102, *appeal dismissed* 12 NY2d 1100, *lv denied* 13 NY2d 596).

We also reject the additional claim that Laboy's conduct was, as a matter of law, the sole proximate cause of his injuries. Case law establishes that a plaintiff cannot recover damages for injuries when the sole legal cause of those injuries is the plaintiff's own reckless conduct in engaging in a patently dangerous activity *(see, Olsen v Town of Richfield,* 81 NY2d 1024). There is nothing in the record, however, to suggest that Laboy's conduct in attempting to vault a height greater than he had achieved in practice was reckless as a matter of law. That Laboy abandoned his effort to clear the bar and engaged in a protective maneuver when he realized that he had not generated sufficient power during the initial stages of the vault does not constitute reckless conduct. Supreme Court correctly denied defendants' motions for summary judgment.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.