■ ADAM EDELSON, Respondent, v UNIONDALE UNION FREE SCHOOL DISTRICT, Defendant, and LAWRENCE UNION FREE SCHOOL DISTRICT, Appellant. [631 NYS2d 391] —In an action to recover damages for personal injuries, the defendant Lawrence Union Free School District appeals from an order of the Supreme Court, Nassau County (Saladino, J.), dated March 2, 1994, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as they are asserted against it.

Ordered that the order is reversed, on the law, with costs payable by the plaintiff, the motion is granted, the complaint and all cross claims are dismissed insofar as they are asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff allegedly suffered an injury while participating in a high school wrestling match against an opponent who was in a weight classification one category higher than the one in which the plaintiff normally competed. Alleging, *inter alia,* that the appellant was negligent in allowing him to compete within the higher weight classification without adequate training or warning, the plaintiff commenced this action to recover damages for personal injuries. We now grant the appellant's motion for summary judgment.

In general, a plaintiff who voluntarily participates in an athletic event is held to assume the risk of "injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" *(Turcotte v Fell,* 68 NY2d 432, 439; *see also, Benitez v New York City Bd. of Educ.,* 73 NY2d 650). The awareness of the risks assumed is assessed in light of the skill and experience of the particular plaintiff *(see,*

*Maddox v City of New York,* 66 NY2d 270; *Giordano v Shanty Hollow Corp.,* 209 AD2d 760). However, such an assumption of risk does not provide an absolute defense to an action, but rather sets the measure of a defendant's duty of care *(see, Benitez v New York City Bd. of Educ., supra; Turcotte v Fell, supra; Laboy v Wallkill Cent. School Dist.,* 201 AD2d 780). Here, the appellant's duty of care was limited to exercising ordinary reasonable care in protecting the plaintiff from unassumed, concealed or unreasonably increased risks *(see, Benitez v New York City Bd. of Educ., supra; Laboy v Wallkill Cent. School Dist., supra).*

The plaintiff, a senior at the time of the alleged injury with three years of wrestling experience, does not dispute that he was informed prior to the match that he would be wrestling an opponent in the next higher weight class, which is permissible under the relevant wrestling regulations. By his own deposition testimony, the plaintiff was aware that such an arrangement was made in the past and he did not object to the match. Further, the event leading to the alleged injury suffered by the plaintiff, a blow to the jaw during a "take-down move", was reasonably foreseeable in a wrestling match and was not caused by the size of his opponent. Thus, the plaintiff assumed the risk of incurring the blow to the jaw. Moreover, as the plaintiff failed to proffer any evidence that such a match represented an unassumed, concealed or unreasonably increased risk, the appellant did not breach its duty of care.

Finally, although the plaintiff voluntarily continued the match after a medical time-out was called to examine and attend to the injury caused by the blow to the jaw, the plaintiff failed to proffer any evidence that such a continuation of the match caused further injury, exacerbated the injury, or represented an unassumed, concealed or unreasonably increased risk of injury. Mangano, P. J., Thompson, Ritter and Florio, JJ., concur.