■ JOHN F. HUNT, Individually and as Parent and Natural Guardian of ANDREW F. HUNT, an Infant, Respondent, v SKANEATELES CENTRAL SCHOOL DISTRICT, Appellant. [643 NYS2d 252] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff commenced this action individually and as the parent and natural guardian of his son, Andrew, who broke his leg while participating in full contact drills as a member of defendant's varsity football team. Although there is a dispute regarding the number of players participating in the drill, it is undisputed that Andrew was the running back and that Jason Clark was the defensive player who tackled Andrew, causing his injury. The complaint alleges that defendant was negligent in failing to require that the players use "pinnies", that is, jerseys of different colors or markings distinguishing offensive and defensive players. Supreme Court denied defendant's motion for summary judgment, finding a question of fact whether pinnies are protective equipment pursuant to the handbook of the New York State Public High School Athletic Association and the 1993 National Federation Code of Interscholastic Football Rules, both of which require that practices be conducted with full protective equipment and prohibit players from wearing illegal equipment during games, that is, any equipment that is dangerous or causes confusion. The court found a further question of fact whether, if pinnies are protective equipment, they are required for contact practice.

Students who voluntarily participate in extracurricular sports "assume the risks to which their roles expose them" (Benitez v New York City Bd. of Educ., 73 NY2d 650, 658). Thus, a school district must exercise only "ordinary reasonable care to protect student athletes voluntarily involved in extracurricular sports from unassumed, concealed or unreasonably increased risks" (Benitez v New York City Bd. of Educ., supra, at 658; see, Kennedy v Rockville Centre Union Free School Dist., 186 AD2d 110; La Mountain v South Colonie Cent. School Dist., 170 AD2d 914). Awareness of the risk assumed is "to be assessed against the background of the skill and experience of the particular plaintiff" (Maddox v City of New York, 66 NY2d 270, 278).

Regardless of whether pinnies are protective equipment, defendant's alleged failure to require the players to wear them during a practice drill did not expose Andrew to unassumed, concealed or unreasonably increased risks. Andrew knew that being tackled in a violent manner is an inherent part of football (see, Kennedy v Rockville Centre Union Free School Dist., supra, at 111). Injury is "inherent in team competitive

sports, *especially football*" (*Benitez v New York City Bd. of Educ., supra*, at 659 [emphasis supplied]). Andrew had three years of experience playing modified football and was prohibited from continuing in modified football because of his age and maturity. We conclude, as a matter of law, that Andrew "put himself at risk in the circumstances of this case for the injuries he ultimately suffered" (*Benitez v New York City Bd. of Educ., supra*, at 659). Andrew's injury "was a luckless accident arising from the vigorous voluntary participation in competitive interscholastic athletics" (*Benitez v New York City Bd. of Educ., supra*, at 659). (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Denman, P. J., Pine, Fallon, Balio and Boehm, JJ.