■ JASON EGGER et al., Respondents, v ST. DOMINIC HIGH SCHOOL et al., Appellants. [657 NYS2d 85] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Segal, J.), dated May 16, 1996, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In November 1993 the infant plaintiff was a 16-year-old junior at the defendant St. Dominic High School (hereinafter St. Dominic) in Oyster Bay. During his first wrestling practice he allegedly suffered injuries when he was thrown to the floor by a teammate with whom he was paired. It is undisputed that the mat upon which the team was practicing was smaller than a regulation tournament mat, and the mat was surrounded by a hardwood floor. When the infant plaintiff was thrown to the floor, the upper half of his body landed on the hardwood floor surface. The plaintiffs allege that this is what caused the infant plaintiff's injuries.

On appeal, the defendants contend that the Supreme Court improperly denied their motion for summary judgment because the infant plaintiff assumed the foreseeable risk of injury by participating in wrestling practice. We agree. " 'In general, a plaintiff who voluntarily participates in an athletic event is held to assume the risk of "injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" ' " (*Edelson v Uniondale Union Free School Dist.*, 219 AD2d 614, quoting *Turcotte v Fell*, 68 NY2d 432, 439; *see also, Benitez v New York City Bd. of Educ.*, 73 NY2d 650). Such an assumption of risk sets the measure of a defendant's duty of care (*see, Benitez v New York City Bd. of Educ., supra; Turcotte v Fell, supra; Laboy v Wallkill Cent. School Dist.*, 201 AD2d

780). The defendants were required to exercise ordinary reasonable care in protecting the infant plaintiff from unassumed, concealed, or unreasonably increased risks (see, Benitez v New York City Bd. of Educ., supra; Edelson v Uniondale Union Free School Dist., supra).

In the instant case, the event leading to the infant plaintiff's alleged injuries, being thrown to the floor, was reasonably foreseeable, and the risk of injury therefrom is inherent in the sport of wrestling. Thus, the plaintiff assumed the risk of being thrown to the floor (see, Edelson v Uniondale Union Free School Dist., supra). Moreover, in opposition to the defendants' motion for summary judgment, the plaintiffs failed to offer any evidence that holding wrestling practice on a mat smaller than a regulation-size mat surrounded by a hardwood floor represented an unassumed, concealed, or unreasonably increased risk (cf., Cody v Massapequa Union Free School Dist. No. 23, 227 AD2d 368; Alexander v Kendall Cent. School Dist., 221 AD2d 898; Baker v Briarcliff School Dist., 205 AD2d 652, 655). Thus, the defendants did not breach their duty of care to the infant plaintiff (see, Steward v Town of Clarkstown, 224 AD2d 405; Edelson v Uniondale Union Free School Dist., supra). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.