■ MICHAEL RAWSON, an Infant, by His Mother and Natural Guardian, VICKI RAWSON, et al., Respondents, v MASSAPEQUA

UNION FREE SCHOOL DISTRICT et al., Appellants. [674 NYS2d 388] —In an action to recover damages for personal injuries, etc., the defendants Joseph Campos, Jr., and Joseph Campos, Sr., appeal, and the defendant Massapequa Union Free School District separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (Lally, J.), dated June 9, 1997, as denied those branches of their respective motions which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, those branches of the respective motions which were for summary judgment dismissing the complaint insofar as asserted against the appellants are granted, and the complaint is dismissed.

The infant plaintiff was injured when, while jogging during wrestling practice at Massapequa High School, he was caused to fall by the defendant Joseph Campos, Jr. At the time of the accident the injured plaintiff had been a member of the wrestling team for two or three months and had been meeting for practice at least five times a week. The injured plaintiff stated that part of the regular routine of practice was a jog around the wrestling room. He also acknowledged that he had seen other wrestlers trip and fall during the run. In this lawsuit, the plaintiffs assert that the school district was negligent in, among other ways, allowing the wrestlers to jog in a confined space, and that the defendant Joseph Campos, Jr., was negligent in, among other ways, jogging too close to the injured plaintiff.

Students who voluntarily participate in extracurricular sports "assume the risks to which their roles expose them" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658), and thus a school district must exercise only "ordinary reasonable care to protect student athletes voluntarily involved in extracurricular sports from unassumed, concealed or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.*, *supra*, at 658).

Under the circumstances of this case, the infant plaintiff, by voluntarily participating in the jogging during wrestling practice, assumed the risk of the injuries he sustained (*see, Egger v St. Dominic High School*, 238 AD2d 542; *Walcott v Lindenhurst Union Free School Dist.*, 243 AD2d 558; *Gahan v Mineola Union Free School Dist.*, 241 AD2d 439; *Edelson v Uniondale Union Free School Dist.*, 219 AD2d 614). Santucci, J. P., Joy, Florio and McGinity, JJ., concur.