■ PATRICIA A. KANE, as Parent and Guardian of EMMALEE KANE, an Infant, Appellant, v NORTH COLONIE CENTRAL SCHOOL DISTRICT, Respondent. [708 NYS2d 203] —Spain, J. P. Appeal from an order of the Supreme Court (Hughes, J.), entered July 23, 1999 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover damages arising out of an ankle injury sustained by her daughter, Emmalee

Kane, who tripped and fell during an indoor track practice conducted in a hallway in defendant's high school building. After joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court concluded that, by voluntarily participating in the sport of indoor track, Kane assumed the risk of tripping and falling. Accordingly, the court granted the motion and dismissed the complaint, prompting this appeal by plaintiff.

By voluntarily participating in an interscholastic sport, Kane is deemed to have assumed "those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484). Her assumption of those risks is not an absolute defense but a measure of defendant's duty of care (*see, Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657). Accordingly, defendant was obligated to "exercise ordinary reasonable care to protect [Kane] from unassumed, concealed or unreasonably increased risks" (*id.*, at 658).

It is undisputed that Kane was not engaged in a competitive track event when she was injured, but instead she and her teammates were engaged in an "easy run" practice in which they were directed by their coach, an employee of defendant, to run continuously for 30 minutes back and forth in the hallway. Nevertheless, the risk of contact with another runner and falling is inherent even in noncompetitive running in a confined space (*see, Rawson v Massapequa Union Free School Dist.*, 251 AD2d 311) and there is evidence that Kane, who was beginning her third year on the team, was aware of that risk. Plaintiff, however, submitted expert evidence to demonstrate that the risk of contact and falling is unreasonably increased where the runners do not maintain a safe and appropriate distance, typically at least a stride, from one another. Defendant was aware of this increased risk and, therefore, the coach established rules for running in the hallway, which included the requirement that runners maintain a safe distance and respect each other's running space. The coach supervised the practices, often repeating the rules, and if she saw the runners "bunch up" she would direct them to spread out.

Kane alleged that she fell when the runner behind her stepped on her heel and that the fall occurred immediately after the group of runners she was with had passed the coach. The coach alleged that on the day of Kane's injury, she observed no instances of runners "bunching up" and if she had she would have directed them to spread out. Plaintiff, however, submitted an affidavit in which Kane alleged that teammates

were running only one foot behind her and that her group "had been running in this close fashion for almost all of the twenty minutes" preceding her fall. Plaintiff's expert opined that "[p]ermitting one runner to run approximately one foot behind another runner in a school hallway creates an unreasonable and dangerous risk of contact and physical injury between runners which is simply unnecessary in the context of an 'easy run', noncompetitive track practice." The allegations of Kane and the expert are, in our view, sufficient to raise a question of fact as to whether defendant's supervision was inadequate and resulted in the failure to exercise reasonable care to protect Kane from an unreasonably increased risk (*see, Sheehan v Hicksville Union Free School Dist.*, 229 AD2d 1026; *Baker v Briarcliff School Dist.*, 205 AD2d 652).

Defendant contends that Kane's affidavit contradicts her deposition testimony regarding the length of time that her group had been running in close proximity to one another. According to defendant, the affidavit was created solely for the purpose of defeating summary judgment. This Court has acknowledged that a plaintiff cannot "avoid summary judgment by alleging issues of fact created by self-serving affidavits contradicting prior sworn deposition testimony" (*Greene v Osterhoudt*, 251 AD2d 786, 788). Contrary to defendant's claim, however, Kane's deposition includes testimony that is consistent with the allegations in her affidavit. When asked how her group came to be so close together at the time of her injury, she testified that "[w]e all started out together, and since we're all about the same speed we all stuck together." When asked whether they had been running that close for the entire 20 minutes prior to her fall, Kane testified that "[t]here may have been a point when somebody like stopped and then there would be a space, but we stayed about that close." Plaintiff submitted sufficient evidence to defeat defendant's motion for summary judgment and, therefore, Supreme Court's order must be reversed.

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.