■ CHANA LAPA, Respondent, v CAMPS MOGEN AVRAHAM, HELLER, STERNBERG, INC., Appellant. [720 NYS2d 414] —Cardona, P. J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered March 15, 2000 in Sullivan County, which denied defendant's motion for summary judgment dismissing the complaint.

In August 1994, plaintiff, then 15 years old, was injured while playing kickball at defendant's summer camp. The game was overseen by a sports supervisor employed by defendant and conducted on a handball court next to a slope leading down to another field. Plaintiff was in the outfield standing close to the perimeter of the court. A player kicked the ball down the slope and plaintiff ran after it. She was midway down the slope when she twisted her ankle and fell, sustaining serious injuries. Plaintiff commenced this negligence action and, following joinder of issue, defendant moved for summary judgment dismissing the complaint on the ground, *inter alia,* that plaintiff assumed the risk of injury. Supreme Court denied the motion resulting in this appeal.

Initially, we note that the doctrine of assumption of risk is not an absolute defense to liability but a measure of a

defendant's duty of care (*see, Morgan v State of New York*, 90 NY2d 471, 484; *Gahan v Mineola Union Free School Dist.*, 241 AD2d 439, 440). "Relieving an owner or operator of a sporting venue from liability for inherent risks of engaging in a sport is justified when a consenting participant is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks [citations omitted]" (*Morgan v State of New York, supra*, at 484). Awareness of risk is to be assessed against the background of the skill and experience of the particular plaintiff (*see, Maddox v City of New York*, 66 NY2d 270, 278; *Gahan v Mineola Union Free School Dist., supra*, at 440). Notably, individuals who voluntarily participate in sporting activities are deemed to have consented to "those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York, supra*, at 484; *see, Egger v St. Dominic High School*, 238 AD2d 542, *lv denied* 90 NY2d 809; *Totino v Nassau County Council of Boy Scouts*, 213 AD2d 710, 711, *lv denied* 86 NY2d 708). The same is not true, however, with respect to "risks that are ' "unreasonably increased" ' " (*Karr v Brant Lake Camp*, 261 AD2d 342, 343, quoting *Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658) or above the usual dangers inherent in the sport (*see, Greenburg v Peekskill City School Dist.*, 255 AD2d 487, 488; *Clark v State of New York*, 245 AD2d 413; *cf., Egger v St. Dominic High School, supra*, at 543).

In the instant case, we conclude that the record reveals questions of fact on whether the assumption of risk doctrine is applicable. Plaintiff testified at her examination before trial that, prior to the accident, she played basketball and handball on this handball court; however, plaintiff did not indicate that she ever played kickball at that location. Plaintiff admitted her familiarity with the slope adjacent to the court, but could not recall running down it before. She testified that her eyes were focused on the ball as she ran down the hill and did not know what caused her ankle to twist. Photographs of the scene reveal that the handball court was rather small and located directly adjacent to a slope which could be considered to have a steep grade. Considering all of the evidence, including, *inter alia*, plaintiff's young age, her limited experience playing kickball on this court, as well as the proof suggesting that the handball court may not have been an appropriate site for a supervised game of kickball, we conclude that Supreme Court properly denied defendant's motion.

Mercure, Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.