◼ Chad Harris, Appellant, v Cherry Valley-Springfield School District, Respondent. [760 NYS2d 768] —Crew III, J.P. Appeal from an amended order of the Supreme Court (Dowd, J.), entered November 11, 2002 in Otsego County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was a member of defendant's high school varsity baseball team and attended practice at the school's gymnasium on March 9, 1999. On that day, plaintiff engaged in batting practice, facing approximately 48 pitches delivered from a Bull Dog 2 pitching machine, with the pitches being thrown at approximately 78 miles per hour. At the conclusion of the regular practice session, plaintiff and two of his teammates asked if they could take an extra batting practice. Plaintiff asked his coach to set the pitching machine to its maximum pitching speed of approximately 90 miles per hour and then stepped into the batting cage. Although plaintiff successfully bunted the first pitch thrown to him, the second pitch was "wild" and struck plaintiff in the area of the right eye.

Plaintiff thereafter commenced this action alleging that defendant was negligent by reason of inadequate supervision and by permitting plaintiff to bat while the pitching machine was set at maximum velocity. Following joinder of issue and discovery, defendant moved for summary judgment, which motion was granted by Supreme Court on the ground of primary assumption of the risk. Plaintiff now appeals.

We affirm. The record makes plain that plaintiff was a very

experienced and knowledgeable baseball player having engaged in organized baseball since early youth and having been a high school all-star for all four years of his participation in varsity baseball. Additionally, plaintiff was fully familiar with pitching machines and was aware that pitches thrown by such machines could be wild. Indeed, the record reflects that plaintiff previously had been hit by a wild pitch thrown from another pitching machine. It is readily apparent, therefore, that plaintiff was injured while voluntarily participating in batting practice and that his injury arose out of a condition that was a known, apparent or reasonably foreseeable consequence of such activity to which he is deemed to have consented (*see e.g. Gahan v Mineola Union Free School Dist.*, 241 AD2d 439, 440 [1997]). The risk here having been fully comprehended and plaintiff having consented thereto, defendant is said to have satisfied its duty of care to plaintiff, which was to make the conditions as safe as they appeared to be (*see Turcotte v Fell*, 68 NY2d 432, 439 [1986]).

Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the amended order is affirmed, without costs.