RAQUEL ROYAL, an Infant, et al., Respondents, v CITY OF SYRACUSE et al., Appellants. [765 NYS2d 560] —Appeal from

that part of an order of Supreme Court, Onondaga County (Stone, J.), entered May 22, 2002, that denied that part of defendants' motion to dismiss the complaint addressed to the claim for negligent supervision.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied that part of defendants' motion to dismiss the complaint, treated by the court as a motion for summary judgment (see CPLR 3211 [c]), addressed to the claim for negligent supervision. The infant plaintiff, a high school cheerleader, was injured at cheerleading practice when she fell while demonstrating a cheerleading stunt to the cheerleading coach. The stunt called for its performer to be lifted by three other cheerleaders from the sides and from behind while a fourth cheerleader acted as a spotter. Immediately after another cheerleader successfully performed the stunt, the infant plaintiff attempted to perform it, but no one acted as a spotter. According to the affidavit of plaintiffs' expert, performance of the stunt without a spotter was improper and should not have been permitted by the coach. Thus, although the infant plaintiff voluntarily assumed the risks inherent in cheerleading (see Morgan v State of New York, 90 NY2d 471, 484 [1997]; Weber v William Floyd School Dist., UFSD, 272 AD2d 396, 397 [2000]), plaintiffs raised a triable issue of fact whether the coach "failed to provide proper supervision of the cheerleading activities, thereby exposing [the infant] plaintiff to unreasonably increased risks of injury" (Sheehan v Hicksville Union Free School Dist., 229 AD2d 1026, 1026 [1996]; see D'Angelo v Board of Educ. of N. Tonawanda City School Dist., 300 AD2d 1078 [2002]; Cody v Massapequa Union Free School Dist. No. 23, 227 AD2d 368, 369 [1996]; see also Kane v North Colonie Cent. School Dist., 273 AD2d 526 [2000]; see generally Benitez v New York City Bd. of Educ., 73 NY2d 650, 658 [1989]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Lawton, JJ.