■ ANTONIO CICCONE et al., Respondents, v BEDFORD CENTRAL SCHOOL DISTRICT, Appellant. [800 NYS2d 452]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered July 29, 2004, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Antonio Ciccone, a high school senior and experienced lacrosse player, was injured in a collision with another player while Antonio was executing a "body check" during an organized lacrosse game. The plaintiffs subsequently commenced this action against the defendant school district, al-

leging, inter alia, inadequate instruction and supervision of Antonio and the other players. The defendant moved for summary judgment on the ground, among others, that the action was barred by the doctrine of assumption of risk. The plaintiffs opposed the motion, contending that the risk of injury was unreasonably increased by the lack of proper instruction and training regarding lacrosse techniques and general safety, and by the failure to prevent others from moving Antonio after he had fallen to the ground, thereby increasing the likelihood that his injury was exacerbated. In response, the defendant maintained that there was no evidence of a failure to properly instruct and train the students, or that any movement of Antonio after he fell caused or exacerbated his injury. The Supreme Court denied the motion. We reverse.

A party seeking summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). As accurately observed by the Supreme Court, the defendant sustained its burden on the motion by demonstrating that Antonio was a highly-skilled and trained athlete who had been playing lacrosse since the sixth grade and who was well aware of the potential for injury resulting from collisions with other players. Moreover, the defendant presented deposition testimony from Antonio indicating that he had executed body check blocks approximately 20 to 30 times during each game, that he would use his forearm and shoulder to perform a body check on another player and considered himself to have "excellent technique" in making such blocks, that he was employing a proper body check at the time of his injury, that he understood the dangers of "spearing" or using one's head to strike or block another player's body, that he knew he should keep his head up when making contact with another player, and that he had never been penalized for spearing or blocking with the use of his head during a lacrosse game. This evidence demonstrated, prima facie, that Antonio fully appreciated and voluntarily assumed the risk of injury in playing lacrosse (*see Benitez v New York City Bd. of Educ.*, 73 NY2d 650 [1989]).

In opposition to the motion, the plaintiffs failed to raise a triable issue of fact, relying principally upon the assertions of an "adolescent sports specialist" to the effect that the provision of additional injury-avoidance instruction to Antonio might have prevented the injury, and that players should have been directed not to move an injured fellow player, "thus possibly avoiding

enhancement" of the injury. Given Antonio's extensive deposition testimony regarding his familiarity with appropriate checking techniques and his appreciation of the dangers posed by performing head blocks, the claim by the plaintiffs' expert that additional instruction might have prevented Antonio's injury constituted sheer speculation and was insufficient to raise a triable issue of fact regarding whether any alleged lack of instruction unreasonably increased the risk of injury (*see Benitez v New York City Bd. of Educ., supra*). Furthermore, the plaintiffs failed to submit any evidence that an alleged failure to prevent another player from moving Antonio after he fell proximately caused or contributed to his injury (*see Edelson v Uniondale Union Free School Dist.*, 219 AD2d 614 [1995]). Rather, the plaintiffs' sports specialist merely opined that another player's conduct may possibly have exacerbated Antonio's condition. Given the absence of any competent medical evidence that the post-collision actions of another player proximately caused or exacerbated the injury, the Supreme Court should have granted the defendant's motion for summary judgment (*see Cronin v Middle Country Cent. School Dist.*, 267 AD2d 269 [1999]). Schmidt, J.P., Santucci, Mastro and Rivera, JJ., concur.