OPINION OF THE COURT
Herbert Kramer, J.
The defendant Barrett was the head coach on the defendant university’s softball team and had 25 years’ experience with T-drill practice. Plaintiff was injured when the defendant hit *624 her in the face with the bat while he was demonstrating this batting technique to her. Defendant moves for summary judgment dismissing the complaint upon the theory that the plaintiff assumed the risk.* Plaintiff argues that this accident had nothing to do with the risks inherent in playing softball.
There are two distinct assumption of the risk doctrines. The first — implied assumption of the risk — is premised upon the concept of contributory fault (CPLR 1411) and does not act as a complete bar to recovery but allows for the diminution of the award based upon the comparative fault of the plaintiff. The second doctrine, called primary assumption of the risk, serves as a complete bar to recovery by relieving the defendant of any duty of care toward the plaintiff who is deemed to have undertaken all of the risks inherent in the activity. (Morgan v State of New York, 90 NY2d 471 [1997].)
“[A] voluntary participant in a sport or recreational activity ‘consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation.’ By his or her participation, the plaintiff assumes any risks that are known, apparent, or reasonably foreseeable consequences of participation. Participants do not, however, assume ‘concealed or unreasonably increased risks,’ nor do they assume risks resulting from the defendant’s reckless or intentional conduct.” (Elliott v Club Med Sales, Inc., 2004 WL 541843, *5, 2004 US Dist LEXIS 4301, *13-14 [SD NY 2004] [citations omitted].)
In the instant matter the question is not whether being hit by a bat during baseball practice is a reasonably foreseeable consequence of participation, but whether injury is reasonably foreseeable when it is the coach who is wielding the bat. It is important to emphasize at this juncture that the coach did not let go of the bat unintentionally, but rather that he purposely proceeded to swing while the plaintiff was in range. (Cf. Richmond v Employers’ Fire Ins. Co., 298 So 2d 118 [La App, 1st Cir 1974].) Indeed, it is not disputed that the coach walked over to the plaintiff took the bat from her to show her what to do and as he stood close by, took a swing and hit her. Plaintiff testified *625 that under this circumstance she did not expect him to demonstrate by swinging the bat.
Certainly the risk of being hit by a bat or ball is a risk you foresee and thus assume when you play baseball and the cases that so hold are legion. (See e.g. Steegmuller v Siegel, 202 AD2d 855 [3d Dept 1994]; Harris v Cherry Val-Springfield School Dist., 305 AD2d 964 [3d Dept 2003].) Here however, the question is whether it is foreseeable that anyone, let alone a coach with years of experience, would commence to swing without ensuring that the plaintiff, who was not wearing any protective gear, was not in range.
The plaintiff had previous experience playing in organized games and previous experience in being coached. While ordinarily such experience counts against a plaintiff since it makes the risk of participation in the sport all the more foreseeable, here a jury could well determine that it is that very experience that would create an expectation on plaintiffs part that the coach would ensure that it was safe to proceed before he swung the bat. It is this reasonable expectation that would make the coach’s behavior a concealed or unreasonably increased risk. Thus, it cannot be said as a matter of law that the plaintiff assumed the risk.
Accordingly, the defendant’s motion for summary judgment is denied. The cross motion is granted to the extent that any outstanding discovery is to be provided within 30 days of the entry of this decision and is otherwise denied and the note of issue is to be filed 10 days thereafter.

 Plaintiff cross-moves for or an order striking the defendant’s answer for their failure to submit to court-ordered examinations before trial and for an extension of the note of issue deadline.