■ Jeanette Ballou, Individually and as Parent and Guardian of Gabriella Ballou, an Infant, Respondent, v Ravena-Coeymans-Selkirk School District, Appellant. [898 NYS2d 358]—

Stein, J. Appeal from an order of the Supreme Court (Devine, J.), entered April 6, 2009 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff, the mother of Gabriella Ballou (born in 1990), commenced this negligence action against defendant asserting that defendant was liable for injuries that Ballou sustained during cheerleading tryouts and, derivatively, for damages sustained by plaintiff. After substantial discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, prompting this appeal.

We affirm. Ballou was in ninth grade when, in the course of trying out for the varsity basketball cheerleading team, she was injured while attempting to perform a stunt known as a "prep cradle twist."* She was an experienced cheerleader, having been a member of the junior varsity football and basketball cheerleading teams during eighth grade and a member of the varsity football cheerleading team in ninth grade. Ballou had successfully performed the prep cradle twist approximately 10 to 20 times in the past. On the day of the accident, there were 30 to 40 students and two coaches in defendant's elementary school gymnasium. The students were instructed to separate themselves into groups of either cheers, motions or stunts. Once divided, the students themselves determined what they were going to do. Ballou and four other girls comprised one stunt group and were practicing at the back of the gymnasium, allegedly within four feet of the other stunt group that had formed. In addition, cheers, jumps and motions were taking place in the gymnasium at the same time. According to Ballou, the two coaches were seated at the front of the gymnasium with a former student cheerleader.

---

* The stunt was also known as a "prep twist," "prep twist cradle" and "prep twist from cradle." It involved Ballou and four other cheerleaders. The stunt required that Ballou be lifted and thrown up in the air by two cheerleaders, drop her left shoulder back, make a 360 degree spin and land in the crossed arms of the four cheerleaders. However, Ballou mistakenly dropped her right shoulder and was propelled forward instead of backward, causing her to land partially off the mat that was positioned underneath the stunt group and to strike her head on the hard gymnasium floor.

Defendant argues that Ballou's assumption of the risk of injury in connection with her cheerleading activities is a complete defense to this action. We disagree. While it is true that, "[b]y voluntarily participating in an interscholastic sport, [Ballou] is deemed to have assumed 'those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation[,]' [h]er assumption of those risks is not an absolute defense but a measure of defendant's duty of care" (*Kane v North Colonie Cent. School Dist.*, 273 AD2d 526, 527 [2000] [citation omitted], quoting *Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Turcotte v Fell*, 68 NY2d 432, 439 [1986]). Schools are required to exercise reasonable care to protect student athletes from unassumed, concealed or unreasonable increased risks (*see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989]; *Kane v North Colonie Cent. School Dist.*, 273 AD2d at 527; *Parisi v Harpursville Cent. School Dist.*, 160 AD2d 1079, 1080 [1990]; *compare Harris v Cherry Val.-Springfield School Dist.*, 305 AD2d 964, 965 [2003]; *La Mountain v South Colonie Cent. School Dist.*, 170 AD2d 914, 914-915 [1991]).

Here, defendant met its threshold burden of establishing its entitlement to judgment as a matter of law by offering proof of Ballou's experience as a cheerleader, together with the testimony of varsity coach Melissa Hummel—regarding, among other things, the appropriate safety precautions and level of supervision of Ballou's activities and the precautions and supervision provided at the time of the accident—thereby shifting the burden to plaintiff to establish the existence of triable issues of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiff's submissions in opposition to defendant's motion included, among other things, Ballou's sworn testimony and the affidavit of Christine Froelich, a certified cheerleading coach. Froelich opined that there was inadequate supervision of Ballou's performance of the stunt and the lack of appropriate supervision was a proximate cause of the accident. Specifically, aside from her contention that performance of a prep cradle twist was in contravention of the applicable cheerleading guidelines, Froelich averred that the atmosphere in the gymnasium was dangerous relative to the performance of stunts because of the visual and auditory distractions created by all of the activities occurring simultaneously. In addition, she contended that the coaches should not have attempted to monitor two stunt groups at the same time and that Hummel should not have permitted the cheerleaders to form groups without any consideration of their experience working together. She further opined that Hummel should have required the use of "spotters"

in addition to the cheerleaders involved in the stunt and should have ensured that the group was properly positioned on the mat. In Froelich's opinion, Ballou would not have been injured but for these deficiencies.

Viewing the totality of the evidence in the light most favorable to plaintiff (*see Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]; *Lynch v Liberty Mut. Fire Ins. Co.*, 58 AD3d 939, 942 [2009]; *Goff v Clarke*, 302 AD2d 725, 727 [2003]) and according plaintiff the benefit of every reasonable inference (*see Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1219 [2007]; *Tenkate v Tops Mkts., LLC*, 38 AD3d 987, 989 [2007]), we find that plaintiff raised a genuine issue of fact "as to whether defendant's supervision was inadequate and resulted in the failure to exercise reasonable care to protect [Ballou] from an unreasonably increased risk" (*Kane v North Colonie Cent. School Dist.*, 273 AD2d at 528; *see generally Royal v City of Syracuse*, 309 AD2d 1284, 1285 [2003]; *Sheehan v Hicksville Union Free School Dist.*, 229 AD2d 1026 [1996]; *Cody v Massapequa Union Free School Dist. No. 23*, 227 AD2d 368, 369 [1996]; *Parisi v Harpursville Cent. School Dist.*, 160 AD2d at 1080). Therefore, we decline to disturb Supreme Court's determination.

Defendant's remaining contentions have been reviewed and are unavailing.

Cardona, P.J., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.