■ WILLIAM H. SIMMONS, an Infant, by WILLIAM A. SIMMONS et al., his Parents and Guardians, et al., Respondents, v SAUGER-TIES CENTRAL SCHOOL DISTRICT, Appellant. [918 NYS2d 661]—

Mercure, J.P.

Plaintiff William H. Simmons (hereinafter plaintiff) was injured when he stepped into a large hole while playing touch football in the "bus circle" during recess at defendant's high school. Defendant's superintendent of buildings and grounds indicated that the bus circle was the area in front of the high school where the buses picked up the students and that students also played there, primarily during lunch time. Plaintiff testified that students were permitted to go outside to the bus circle during recess, as long as they remained within the sight of the adult monitors. At the time of his injury in February 2004, plaintiff was a 16-year-old sophomore at the high school and had played touch football nearly every day of that school year on the grassy bus circle.

Plaintiffs commenced this personal injury action against de-

fendant, alleging negligent supervision. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Defendant appeals from Supreme Court's denial of the motion, and we now affirm.

Under the primary assumption of risk doctrine, participants who freely and knowingly engage "in a sport or recreational activity . . . consent[ ] to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 396 [2010]). Risks inherent in a sport generally include "those . . . associated with the construction of the playing surface and any open and obvious condition on it" (*Lincoln v Canastota Cent. School Dist.*, 53 AD3d 851, 852 [2008] [internal quotation marks and citations omitted]; *accord McGrath v Shenendehowa Cent. School Dist.*, 76 AD3d 755, 756 [2010]; *see Maddox v City of New York*, 66 NY2d 270, 277 [1985]). This doctrine, however, "is not an absolute defense but a measure of the defendant's duty of care" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657 [1989] [internal quotation marks and citations omitted]). In assessing that duty, we are mindful that the participant must "have not only knowledge of the injury-causing defect but also appreciation of the resultant risk, . . . [which is] assessed against the background of the skill and experience of the particular plaintiff" (*Morgan v State of New York*, 90 NY2d at 486 [internal quotation marks and citations omitted]).

In that regard, the Court of Appeals has recently cautioned that "[l]ittle would remain of an educational institution's obligation . . . to supervise the children in its charge if school children could generally be deemed to have consented in advance" to the dangers arising from their risky or imprudent conduct (*Trupia v Lake George Cent. School Dist.*, 14 NY3d at 396 [citation omitted]). Indeed, it has long been held that although schools supervising athletic or recreational activities do not owe student athletes "the more protective duty and standard of care of a prudent parent" (*Benitez v New York City Bd. of Educ.*, 73 NY2d at 656), schools remain obligated to "exercise ordinary reasonable care to protect student athletes voluntarily involved in extracurricular sports from unassumed, concealed or unreasonably increased risks" (*id.* at 658; *accord Fintzi v New Jersey YMHA-YWHA Camps*, 97 NY2d 669, 670 [2001]). Thus, we have held that a school's negligent supervision may constitute a failure to exercise reasonable care in protecting a student from an unreasonably increased risk (*see e.g. Ballou v Ravena-*

*Coeymans-Selkirk School Dist.*, 72 AD3d 1323, 1325 [2010]; *Kane v North Colonie Cent. School Dist.*, 273 AD2d 526, 527 [2000]). That is, a student will not be deemed to have assumed an unreasonably increased risk arising from a school's failure to provide adequate supervision (*see Trupia v Lake George Cent. School Dist.*, 14 NY3d at 396).

In addition, "the doctrine of assumption of risk does not exculpate a landowner," including a school, "from liability for ordinary negligence in maintaining a premises" (*Sykes v County of Erie*, 94 NY2d 912, 913 [2000]; *see Morgan v State of New York*, 90 NY2d at 488-489). Contrary to defendant's argument, the open and obvious nature of the large hole in the bus circle and plaintiff's allegedly long-standing knowledge of it does not bar inquiry into whether the allegedly dangerous condition resulted from defendant's negligent maintenance of its property (*see Sykes v County of Erie*, 94 NY2d at 913; *Morgan v State of New York*, 90 NY2d at 482, 488). Defendant misapprehends the scope of the primary assumption of risk doctrine in arguing that a voluntary participant in a sport or recreational activity consents to *all* defects in a playing field so long as the defects are either known to the plaintiff or open and obvious. The doctrine, as defined by the Court of Appeals, does not extend so far. Rather, while "knowledge plays a role" in "determining the extent of the threshold duty of care," it is "inherency [that] is the sine qua non" (*Morgan v State of New York*, 90 NY2d at 484). As that Court has emphasized, "[o]ur precedents do not go so far as to exculpate sporting facility owners of [the] ordinary type of alleged negligence" of failure to maintain their premises in good repair (*id.* at 488-489).

Here, plaintiffs presented evidence that the hole, which was approximately a foot in diameter and a foot deep, had been in existence for at least 18 months prior to plaintiff's accident. We agree with Supreme Court that a hole of this size is "not automatically an inherent risk of a sport as a matter of law for summary judgment purposes[, but] may qualify as and constitute an allegedly negligent condition occurring in the ordinary course of any property's maintenance[,] . . . implicat[ing] typical comparative negligence principles" (*id.* at 488; *see Ryder v Town of Lancaster*, 289 AD2d 995, 995-996 [2001]; *Henig v Hofstra Univ.*, 160 AD2d 761, 762-763 [1990]). That is, there are questions of fact regarding whether defendant's negligent maintenance of the bus circle "created a dangerous condition over and above the usual dangers that are inherent in the sport" of touch football (*Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 970 [1992]; *see Clark v State of New York*, 245 AD2d 413, 413

[1997]; *see also Haider v Zadrozny*, 61 AD3d 1077, 1079 [2009]; *Pantalone v Talcott*, 52 AD3d 1148, 1149 [2008]; *cf. Martin v State of New York*, 64 AD3d 62, 64-65 [2009], *lv denied* 13 NY3d 706 [2009]; *Verro v New York Racing Assn.*, 142 AD2d 396, 400-401 [1989], *lv denied* 74 NY2d 611 [1989]).

In any event, although photographs of the hole reveal it to have been open and obvious, and plaintiff submitted an affidavit indicating that the hole was in existence "for a long period" of time before his fall, his knowledge of the risk presented by the hole is not dispositive in this negligent supervision case (*see Lapa v Camps Mogen Avraham, Heller, Sternberg*, 280 AD2d 858, 859 [2001]; *Kane v North Colonie Cent. School Dist.*, 273 AD2d at 527-528; *see also Morgan v State of New York*, 90 NY2d at 484). Rather, we must consider the evidence—including plaintiff's age, the limited areas in which he was permitted to go during his lunch recess, the presence of adult monitors, and the school's knowledge that children played in the bus circle despite the open and obvious hole—in the light most favorable to plaintiffs as the nonmoving parties. In our view, the foregoing raises additional questions of fact regarding "whether defendant's supervision was inadequate and resulted in the failure to exercise reasonable care to protect [plaintiff] from an unreasonably increased risk" (*Kane v North Colonie Cent. School Dist.*, 273 AD2d at 528; *accord Ballou v Ravena-Coeymans-Selkirk School Dist.*, 72 AD3d at 1326; *see Lapa v Camps Mogen Avraham, Heller, Sternberg*, 280 AD2d at 859; *see also Larson v Cuba Rushford Cent. School Dist.*, 78 AD3d 1687, 1688 [2010]).

Peters, Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.