M.P. v Mineola Union Free Sch. Dist. (2018 NY Slip Op 08119)





M.P. v Mineola Union Free Sch. Dist.


2018 NY Slip Op 08119


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-10344
 (Index No. 600722/14)

[*1]M.P., etc., et al., appellants, 
v
Mineola Union Free School District, et al., respondents.


Phillip J. Rizzuto, P.C., Uniondale, NY (Kenneth R. Shapiro of counsel), for appellants.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Daniel R. Palmieri, J.), entered September 14, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The infant plaintiff allegedly was injured while playing a game of touch football on a field during recess at his school, the defendant Jackson Avenue School, in the defendant Mineola Union Free School District. The infant plaintiff, who was nine years old at the time of the accident, concedes that he and his friends routinely disregarded the boundaries set by school employees for the playing area, and would play outside the designated boundaries on a portion of the field that was on the edge of an adjacent playground. In the months before the accident, recess monitors repeatedly warned the infant plaintiff and his friends to stay away from the playground area while playing football. The students would move back to the designated boundaries for a little while, but then resume playing near the playground. The infant plaintiff testified at his General Municipal Law § 50-h hearing and at his deposition that, on the date of the accident, he and his friends were playing outside the designated boundaries prior to his accident. He ran toward the playground to catch the football, while looking back towards the airborne ball, then dove for the ball and hit his face on a piece of playground equipment.
The infant plaintiff, and his mother suing derivatively, commenced this action, alleging that the accident was caused by the defendants' negligent supervision, including in allowing the students to play football too close to the playground equipment. The defendants moved for summary judgment dismissing the complaint, arguing that the infant plaintiff assumed the risk of playing football on a field adjacent to the playground equipment and that any negligent supervision was not the proximate cause of his injuries. In an order dated September 6, 2016, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
Under the doctrine of primary assumption of risk, "by engaging in a sport or [*2]recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484; see Custodi v Town of Amherst, 20 NY3d 83, 88; Zachary G. v Young Israel of Woodmere, 95 AD3d 946, 946). "Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation" (Mamati v City of N.Y. Parks & Recreation, 123 AD3d 671, 672; see Morgan v State of New York, 90 NY2d 471, 484). A participant must have had knowledge and appreciation of the risk, which is assessed against the background of the skill and experience of the particular plaintiff (see Morgan v State of New York, 90 NY2d at 486; Maddox v City of New York, 66 NY2d 270, 278). However, while knowledge of the risk plays a role, "inherency is the sine qua non" (Morgan v State of New York, 90 NY2d at 484; see Rivera v Glen Oaks Vil. Owners, Inc., 41 AD3d 817, 820). Participants are not deemed to have assumed risks that are concealed or unreasonably increased over and above the usual dangers that are inherent in the sport (see Custodi v Town of Amherst, 20 NY3d at 88; Morgan v State of New York, 90 NY2d at 485; Brown v Roosevelt Union Free Sch. Dist., 130 AD3d 852, 854). "[A] school's negligent supervision may constitute a failure to exercise reasonable care in protecting a student from an unreasonably increased risk" (Simmons v Saugerties Cent. School Dist., 82 AD3d 1407, 1408; see Benitez v New York City Bd. of Educ., 73 NY2d 650, 658; Braile v Patchogue Medford Sch. Dist. of Town of Brookhaven, Suffolk County, N.Y., 123 AD3d 960, 962; Ballou v Ravena-Coeymans-Selkirk School Dist., 72 AD3d 1323, 1326).
Here, the defendants failed to meet their prima facie burden of demonstrating that the risk of colliding into the playground equipment located near the edge of the field was inherent in the activity of playing touch football on the field. Although the risks inherent in a sport include those "associated with the construction of the playing surface and any open and obvious condition on it" (Brown v Roosevelt Union Free Sch. Dist., 130 AD3d at 853-854; see Trevett v City of Little Falls, 6 NY3d 884, 885), the playground equipment was not a part of the football field or related to the game (cf. Brown v City of New York, 69 AD3d 893). Accordingly, the defendants failed to establish, prima facie, that their alleged negligent supervision in permitting the students to play football near the playground did not "create[ ] a dangerous condition over and above the usual dangers that are inherent in the sport" (Morgan v State of New York, 90 NY2d at 485 [internal quotation marks omitted]; see Braile v Patchogue Medford Sch. Dist. of Town of Brookhaven, 123 AD3d at 963; Simmons v Saugerties Cent. School Dist., 82 AD3d at 1410). In addition, while the infant plaintiff was a willing participant in the game, in light of his age, it cannot presently be determined as a matter of law that he was aware of and appreciated the risks involved in the activity in which he was engaged (see Douglas v John Hus Moravian Church of Brooklyn, Inc., 8 AD3d 327, 329).
Further, the defendants failed to establish, prima facie, that the infant plaintiff's accident occurred in so short a span of time that even the most intense supervision could not have prevented it, thereby negating any alleged lack of supervision as the proximate cause of the infant plaintiff's injuries (see Duffy v Long Beach City Sch. Dist., 134 AD3d 761, 764; Douglas v John Hus Moravian Church of Brooklyn, Inc., 8 AD3d at 328; cf. Troiani v White Plains City School Dist., 64 AD3d 701, 702; Convey v City of Rye School Dist., 271 AD2d 154, 160). Rather, there is a triable issue of fact as to whether the infant plaintiff "was participating in a prohibited activity for an extended period of time and more intense supervision may have prevented the accident" (Douglas v John Hus Moravian Church of Brooklyn, Inc., 8 AD3d at 328; see Duffy v Long Beach City Sch. Dist., 134 AD3d at 764).
Accordingly, the Supreme Court should have denied the defendants' motion, regardless of the sufficiency of the plaintiffs' opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court