■ MATTHEW BAKER, Individually and as Parent and Natural Guardian of JEAN BAKER, an Infant, Respondent, v BRIARCLIFF SCHOOL DISTRICT et al., Appellants. [613 NYS2d 660] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Ingrassia, J.), dated September 28, 1992, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Jean Baker, then a 16-year-old student at Briarcliff Manor High School, sustained injuries on September 29, 1989, while participating in a varsity field hockey practice. Ms. Baker's injuries occurred approximately one-half hour into the practice when she was struck in the mouth by a field hockey stick swung by a fellow student. All parties acknowledge that Ms. Baker was not wearing a mouth protector at the time of the incident.

Jean Baker's father commenced this action on his daughter's behalf against the Briarcliff School District and the Board of Education of the Briarcliff School District, alleging that the defendants were negligent in failing to properly

supervise the practice, in allowing the team to practice without proper safety equipment, and in failing to advise the students of the attendant risks and dangers in not wearing proper safety equipment, particularly mouth protectors.

The defendants moved for summary judgment, arguing that its affirmative defense based on the doctrine of assumption of the risk had been established as a matter of law. In support of its motion, the defendants relied primarily on the deposition testimony of Jean Baker, wherein she acknowledged that she was not wearing her mouthpiece on the day of the incident, although she had it with her that day and was aware of the requirement that it be worn. The defendants argued that Ms. Bakers' failure to wear her mouthpiece ipso facto constituted an assumption of risk barring recovery for her personal injuries and warranting summary judgment. The Supreme Court denied the motion, finding that triable issues of fact existed regarding, *inter alia,* the school's responsibility to exercise reasonable care in properly supervising the students as well as instructing them as to the significance of safety equipment. We agree.

In reviewing a summary judgment motion, we must accept as true the evidence presented by the nonmoving party, and the motion must be denied if there is even arguably any doubt as to the existence of a triable issue *(see, Hourigan v McGarry,* 106 AD2d 845). Here, Ms. Baker testified at her deposition that her coach never gave her any safety instructions regarding her mouthpiece, and never advised her of the risks involved in not wearing a mouthpiece. Ms. Baker further testified that on the day she was injured, "most" of the members of the team were practicing without their mouthpieces, and that she did not recall the coach ever telling either her or any of the other team members to wear them. The coach testified at her deposition that she could tell whether a player was wearing a mouthpiece simply by looking at her face, and she admitted that she was able to see Jean Baker's face during the 30 minutes of practice which preceded her injury, but that she never advised her to put in her mouthpiece. The coach testified that since the start of the season her only "lecture" to the students on the importance of safety equipment consisted of telling them "to put their mouth guards and their shin guards on to protect themselves".

The plaintiffs submitted a copy of the 1988-1989 National Federation Edition of Field Hockey Rules, which required that prior to a game, officials were to line up the players in front of their team bench, and check all safety equipment, including

mouth protectors. The rules provided that safety equipment should be worn during pre-game warmups as well. Ms. Baker's coach admitted during her deposition that no such check was conducted by her on the day Jean Baker was injured. The plaintiffs submitted an affidavit by David Fried, an expert in scholastic sports, who stated that it is the obligation of the coaches to be sure that the players are wearing the required protective equipment, and that a coach should not rely upon the students remembering to wear their protective equipment. He stated that it was the duty of the coach to check the safety equipment before the start of each practice session and that the coach must further watch that the players continue to wear their safety equipment throughout practice. He stated that the failure to monitor and enforce the wearing of required safety equipment was contrary to sound coaching practices, and that in this case the coach should not have left the choice of wearing a mouth protector to the student. He noted that a mouth protector is a safety device that can be easily monitored by the coach, since it is a device that changes the appearance of the player and is easily seen. He stated that the coach need only look at the face of the player to determine whether she is wearing her mouth protector, a fact which was conceded by the coach. He stated that considering that the practice session had been going on for a minimum of one-half hour and that the coach admitted seeing Ms. Baker's face during this time, the coach should have seen that Ms. Baker was not wearing her mouth protector and should not have permitted her to continue to practice. In his opinion, permitting Ms. Baker to practice without the mouth protector unreasonably increased her risk of injury. He further stated that he had reviewed the coach's instructions given to the students on the use of safety equipment. He stated that a coach who merely admonishes her players to wear a mouth protector has inadequately prepared the students for the dangers involved in the sport. He stated that extensive discussions must take place between coaches and students concerning all aspects of safety. Written material must be given to the players to review, and much time must be devoted to the dangers involved in the sport. In his opinion the coach in this case did not adequately explain to the players the importance of wearing a mouth protector and did not explain the risks and dangers involved in failing to wear one.

"Assumption of risk in competitive athletics 'is not an absolute defense but a measure of the defendant's duty of care' " (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650,

657, quoting from *Turcotte v Fell,* 68 NY2d 432, 439). Students who voluntarily participate in extracurricular sports "assume the risks to which their roles expose them", but not risks which have been "unreasonably increased" *(Benitez v New York City Bd. of Educ., supra,* at 658; *Kennedy v Rockville Centre Union Free School Dist.,* 186 AD2d 110, 111; *McGee v Board of Educ.,* 16 AD2d 99, 102). Thus, notwithstanding a player's assumption of the risks inherent in playing any sport, a school district remains under a duty to "exercise ordinary reasonable care to protect student athletes involved in extra-curricular sports from * * * unreasonably increased risks" *(Benitez v New York City Bd. of Educ., supra,* at 658; *Parisi v Harpursville Cent. School Dist.,* 160 AD2d 1079, 1080).

In the case at bar, the defendants were required to exercise reasonable care to protect Ms. Baker from any unreasonably increased risks during the practice session. On the record before us, we cannot conclude, as a matter of law, that her failure to wear a mouthpiece constituted an absolute bar to any recovery, rather than a factor to be considered in diminution of damages *(see, Arbegast v Board of Educ.,* 65 NY2d 161).

There exists, on this record, questions of fact regarding whether the coach adequately warned the players about the risks involved in not wearing a mouthpiece, and whether reasonable care was exercised in the supervision of the practice, and whether the coach's conduct constituted a breach of sound coaching practices, thereby exposing Ms. Baker to unreasonably increased risks of injury *(see, Parisi v Harpursville Cent. School Dist., supra; Henig v Hofstra Univ.,* 160 AD2d 761).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment. Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.