■ MAURICE MAUNER et al., Respondents, v ANN FEINSTEIN et al., Appellants. [623 NYS2d 326] —In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated October 1, 1993, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff sustained serious injuries to his eye when a camp counselor collided with him during a game of rugby in which both campers and counselors participated. This negligence action was subsequently commenced against the owners and operators of the camp. The defendants moved for summary judgment contending that recovery was barred by the doctrine of assumption of risk. The Supreme Court denied the motion.

As a general rule, a voluntary participant in an athletic activity is deemed to have consented to accept the risk of injuries that are "known, apparent or reasonably foreseeable consequences of the participation" (Turcotte v Fell, 68 NY2d 432, 438-439; see also, Benitez v New York City Bd. of Educ., 73 NY2d 650, 657). By participating under such circumstances, a plaintiff assumes the risks inherent in the sport and the defendant's duty to make the conditions as safe as they appear to be is satisfied (see, Turcotte v Fell, supra, at 439; Cardoza v Village of Freeport, 205 AD2d 571). However, a participant does not assume risks that are unreasonably increased (see, Benitez v New York City Bd. of Educ., supra, at 658).

Here, the defendants were required to exercise reasonable care to protect the infant plaintiff from unreasonably enhanced risks (see, Greaves v Bronx Y.M.C.A., 87 AD2d 394; see also, Lamey v Foley, 188 AD2d 157, 164). Whether the risk of injury inherent in the game was unreasonably increased by the active participation of the adult, physically larger counselors is a question of fact considering that rugby, unlike many other sports, is a sport in which heightened and forceful physical contact is extreme, inevitable, and wholly contemplated (see, Lamey v Foley, supra, at 165). Consequently, the Supreme Court properly denied the defendants' motion. Rosenblatt, J. P., Lawrence, Altman and Hart, JJ., concur.