■ MEGGIN CODY et al., Respondents, v MASSAPEQUA UNION FREE SCHOOL DISTRICT No. 23, Appellant, et al., Defendant. [642 NYS2d 329] —In an action to recover damages for personal injuries, etc., Massapequa Union Free School District No. 23 appeals from (1) so much of an order of the Supreme Court, Nassau County (DiNoto, J.), entered February 10, 1995, as denied the branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as it is asserted against it, and (2) an order of the same court, entered June 14, 1995, which denied its motion for reargument.

Ordered that the appeal from the order entered June 14, 1995, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered February 10, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

On January 11, 1994, the 17-year-old plaintiff Meggin Cody was allegedly injured while participating in a cheerleading

event. According to the injured plaintiff, the accident occurred when two cheerleaders attempted to lift her into the air and she fell backwards.. The injured plaintiff had previously performed this maneuver with a spotter and asked for a spotter on the night of the accident, but was informed that none could be provided because there were not enough cheerleaders present.

In opposition to the appellant's motion for summary judgment, the plaintiffs submitted an affidavit by an expert that spotters should be provided for partner and pyramid stunts, that the teacher in charge of the cheerleading squad failed to provide proper supervision by allowing the injured plaintiff to perform without a spotter, and that her "injury could and, in all probability, would have been prevented if proper spotting had been provided".

The injured plaintiff voluntarily participated in cheerleading and therefore assumed the risks to which her role exposed her but not risks which were "unreasonably increased" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658). "[A] school district remains under a duty to 'exercise ordinary reasonable care to protect student athletes involved in extracurricular sports from * * * unreasonably increased risks' " (*Baker v Briarcliff School Dist.*, 205 AD2d 652, 655, quoting *Benitez v New York City Bd. of Educ., supra,* at 658). In *Baker v Briarcliff School Dist.* (*supra,* at 655), the injured plaintiff's failure to wear a mouthpiece during hockey practice, although she had it with her and was aware of the requirement that it be worn, did not warrant summary judgment in favor of the defendants, since there were "questions of fact regarding whether the coach adequately warned the players about the risks involved in not wearing a mouthpiece, and whether reasonable care was exercised in the supervision". Similarly, in the instant case, there are issues of fact as to whether the teacher in charge of the cheerleading squad failed to provide proper supervision by permitting the injured plaintiff to perform without a spotter. Sullivan, Copertino and Goldstein, JJ., concur.

Rosenblatt, J. P., dissents and votes to reverse the order appealed from, grant the branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant, and, upon searching the record, grant summary judgment to the defendant Massapequa High School, and dismiss the complaint in its entirety, with the following memorandum in which Santucci, J., concurs. We respectfully dissent. The injured plaintiff was an experienced cheerleader. She had participated in the junior varsity and

varsity programs. She did so voluntarily and with full awareness of the obvious risks of performing acrobatic maneuvers. There was nothing about the activity or the maneuver that was concealed by anyone, let alone by the school authorities. The school authorities did nothing to cause or contribute to the injury. On the contrary, the injured plaintiff, knowing that a spotter was unavailable, deliberately chose to do the acrobatic maneuver without one.

Under the circumstances she assumed the risk (see, Benitez v New York City Bd. of Educ., 73 NY2d 650; Turcotte v Fell, 68 NY2d 432; Marescot v St. Augustine's R. C. School, 226 AD2d 507; Esposito v Carmel Cent. School Dist., 226 AD2d 421). We do not see that any valid purpose is served by holding a school district potentially liable for an injury that it did not cause, and for which it was utterly blameless.

Accordingly, we would grant summary judgment to the defendant Massapequa Union Free School District No. 23. Moreover, while the defendant Massapequa High School has not appealed from the order entered February 10, 1995, we would exercise our power to search the record, and conclude that the action should be dismissed in its entirety (see, CPLR 3212 [b]; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110-111; Lopez v Senatore, 97 AD2d 787, revd on other grounds 65 NY2d 1017).