■ MARGARET STRYKER, Individually and as Mother and Natural Guardian of DAVID STRYKER, an Infant, Respondent, v JERICHO UNION FREE SCHOOL DISTRICT, Defendant and Third-Party Plaintiff-Appellant. SCOTT ECKSTEIN, an Infant, by His Mother and Natural Guardian, FRAN SEMEL, Third-Party Defendant-Respondent. [663 NYS2d 868] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff, Jericho Union Free School District, appeals from so much of (1) an order of the Supreme Court, Nassau County (Bucaria, J.), dated September 12, 1996, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (2) an order of the same court, entered March 7, 1997, as denied its cross motion for leave to renew its cross motion for summary judgment.

Ordered that the order dated September 12, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered March 7, 1997, is reversed insofar as appealed from, the appellant's cross motion for leave to renew is granted, and, upon renewal, the prior determination is adhered to; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

The infant plaintiff, while voluntarily participating in a stickball game organized by one of the appellant's teachers during lunch recess, was struck in the eye with the bat, which had slipped from the hands of the batter.

The Supreme Court properly denied the appellant's motion for summary judgment. There is a question of fact as to whether the supervising teacher's failure to direct the children

to utilize a protective fence unreasonably increased the risk of injury to the infant plaintiff (*see, Cody v Massapequa Union Free School Dist. No. 23*, 227 AD2d 368).

The Supreme Court should have granted the appellant's motion for leave to renew (*see, Sciascia v Nevins*, 130 AD2d 649; *Patterson v Town of Hempstead*, 104 AD2d 975). However, the evidence offered by the appellant on renewal does not establish its right to judgment as a matter of law.

The appellant's remaining contentions are without merit. Ritter, J. P., Copertino, Florio and Luciano, JJ., concur.