■ Ronald T. Hubbard et al., Appellants, v East Meadow Union Free School District, Respondent. [716 NYS2d 599] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Carter, J.), entered December 10, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff Ronald T. Hubbard, a member of his high school's varsity lacrosse team, was hit in the face with a lacrosse ball during pre-game practice. Ronald T. Hubbard and his teammates were not wearing any protective head gear at the time of the accident even though such gear had been provided by the school.

The Supreme Court erred in granting the defendant's motion for summary judgment. There are questions of fact as to whether the coaches adequately warned the players about the risks involved in not wearing their protective gear during practice and whether the failure of the supervising coach to direct the players to use their protective gear during practice unreasonably increased the risk of injury to Ronald T. Hubbard (*see, Benitez v New York City Bd. of Educ.,* 73 NY2d 650; *Seidel v White Plains City School Dist.,* 271 AD2d 518; *Stryker v Jericho Union Free School Dist.,* 244 AD2d 330; *Cody v Massapequa Union Free School Dist.,* 227 AD2d 368; *Baker v Briarcliff School Dist.,* 205 AD2d 652). Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.

■ Joseph Iovino, Appellant, v John Doe et al., Respondents. John T. Wissell, Jr., Nonparty Respondent. [716 NYS2d 599] —In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Richmond County (Lebowitz, J.), dated November 3, 1999, which awarded the nonparty, Pulvers Pulvers Thompson & Kutner, P. C., only 5% of the legal fee in this matter.

Ordered that the appeal is dismissed, without costs or disbursements, as the plaintiff is not aggrieved by the order (*see,* CPLR 5511).

Since the nonparty law firm did not file a notice of appeal on its own behalf but only on behalf of the nonaggrieved plaintiff, any attempt by that nonparty to prosecute the appeal on its own behalf is a nullity (*see, Scopelliti v Town of New Castle,* 92 NY2d 944). O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.