■ CHANTELLE DRIEVER et al., Respondents, v SPACKENKILL UNION FREE SCHOOL DISTRICT, Appellant. [798 NYS2d 145]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated April 12, 2004, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A school district remains under a duty to exercise ordinary reasonable care to protect student athletes involved in extracurricular sports from unreasonably increased risks (*see Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658 [1989]). While the infant plaintiff voluntarily participated in cheerleading activities and therefore assumed the risks to which her role exposed her, she did not assume those risks that were "unreasonably increased" (*id.* at 658; *see Cody v Massapequa Union Free*

*School Dist. No. 23*, 227 AD2d 368, 369 [1996]). The defendant made a prima facie showing of entitlement to judgment as a matter of law by establishing that it provided adequate supervision, including, inter alia, the coach's deposition testimony that she had prohibited the cheerleaders' stunt in question and that, in any event, the level of supervision was not a proximate cause of the infant plaintiff's accident (*see Weinblatt v Eastchester Union Free School Dist.*, 303 AD2d 581 [2003]). In opposition, however, the plaintiffs proffered sufficient evidence to raise a triable issue of fact as to whether the infant plaintiff's coach had prohibited the stunt, whether she was aware that the stunt would be performed notwithstanding dangerous wind conditions, and whether she failed to provide proper supervision of the cheerleading activities, thereby exposing the infant plaintiff to an unreasonably increased risk of injury (*see Cody v Massapequa Union Free School Dist. No. 23, supra; Sheehan v Hicksville Union Free School Dist.*, 229 AD2d 1026 [1996]; *Baker v Briarcliff School Dist.*, 205 AD2d 652 [1994]; *Royal v City of Syracuse*, 309 AD2d 1284, 1285 [2003]). Therefore, the Supreme Court properly denied the motion for summary judgment. S. Miller, J.P., Luciano, Crane and Lifson, JJ., concur.