■ SCOTT MORALES et al., Respondents, v BEACON CITY SCHOOL DISTRICT, Appellant. [843 NYS2d 646]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated October 3, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Scott Morales (hereinafter the plaintiff), a high school student and novice hurdler, was injured when he fell over a hurdle during a track practice conducted on an asphalt parking lot. According to the plaintiff, although he had never run hurdles before, he was directed by his coach to run varsity height hurdles, and was not given any prior instruction in the correct technique. Further, the plaintiff claimed that the hurdle over which he fell was not set up properly in that the horizontal bar was uneven. The defendant moved for summary judgment on the ground, inter alia, that the plaintiff assumed the risk of injury. The court denied the motion, finding that triable issues of fact existed as to whether the defendant unreasonably increased the risk of injury because it negligently supervised and trained the plaintiff and conducted the practice on an asphalt surface. We affirm.

"[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). However, "[a]ssumption of risk in competitive athletics is not an absolute defense but a measure of the defendant's duty of care" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657 [1989] [internal quotation marks omitted]; *see Baker v Briarcliff School Dist.*, 205 AD2d 652, 654 [1994]). Thus, "[s]tudents who voluntarily participate in extracurricular sports assume the risks to which their roles expose them, but not risks which have been unreasonably increased" (*Baker v Briarcliff School District*, 205 AD2d at 655 [internal quotation marks omitted]). "Awareness of the risk assumed is to be assessed against the background of the skill and experience of the particular plaintiff" (*Benitez v New York City Bd. of Educ.*, 73 NY2d at 657 [internal quotation marks omitted]).

The defendant made a prima facie showing of its entitlement to summary judgment by establishing that the plaintiff engaged in the sport of track and field, including running hurdles, and was aware of the possibility of falling and injuring himself while participating in this activity (*see Muniz v Warwick School Dist.*, 293 AD2d 724 [2002]).

However, the plaintiff raised a triable issue of fact as to whether the coach failed to properly train and supervise the plaintiff, and whether this failure unreasonably increased the plaintiff's risk of injury (*see Muniz v Warwick School Dist.*, 293 AD2d at 724; *Stryker v Jericho Union Free School Dist.*, 244 AD2d 330, 330-331 [1997]; *Cody v Massapequa Union Free School Dist. No. 23*, 227 AD2d 368, 368-369 [1996]; *Baker v Briarcliff School Dist.*, 205 AD2d at 654). Schmidt, J.P., Santucci, Florio and Dillon, JJ., concur.