■ PATRICK SCHMIDT, Respondent, v MASSAPEQUA HIGH SCHOOL et al., Appellants. [921 NYS2d 547]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Winslow, J.), dated August 20, 2010, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The doctrine of primary assumption of risk provides that a voluntary participant in a sporting or recreational activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). Such an assumption of risk does not provide an absolute defense to an action, but rather sets the measure of a defendant's duty of care (*see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657 [1989]; *Turcotte v Fell*, 68 NY2d 432, 439 [1986]). "[A] board of education, its employees, agents and organized athletic councils must exercise ordinary reasonable care to protect student athletes voluntarily involved in extracurricular sports from unassumed, concealed or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.*, 73 NY2d at 658).

The Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint, since they failed to submit evidence sufficient to establish their prima facie entitlement to judgment as a matter of law. Under the circumstances, triable issues of fact exist as to whether there was a lack of proper supervision and whether the defendants unreasonably increased the risk of harm to the plaintiff during practice (*see DeGala v Xavier High School*, 203 AD2d 187 [1994]; *DeLucas v City of Lockport School Dist.*, 26 Misc 3d 1227[A], 2009 NY Slip Op 52751[U] [2009], *affd* 70 AD3d 1382 [2010]; *see also Karr v Brant Lake Camp*, 261 AD2d 342 [1999];

*Mauner v Feinstein*, 213 AD2d 383 [1995]). Since the defendants failed to meet their initial burden as the movants, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Skelos, J.P., Leventhal, Sgroi and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32396(U).]**