■ RICHARD BRAILE, JR., Appellant, v PATCHOGUE MEDFORD SCHOOL DISTRICT OF TOWN OF BROOKHAVEN, SUFFOLK COUNTY, NEW YORK, Respondent. [999 NYS2d 873]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), entered August 13, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The injured infant (hereinafter the infant), then a 12-year-old

student, was a member of the girls' soccer team at Saxton Middle School in the defendant, Patchogue Medford School District of the Town of Brookhaven, Suffolk County, New York. On the date of the accident, soccer practice was held indoors because it was raining outside. Among other activities, the coach of the soccer team paired up students to run a sprint against each other in a school hallway, which measured approximately 150 feet in length. The coach determined that the finish line would be a space past an open set of double doors; the area between the double doors was narrower than the hallway. Approximately 9-to-10 feet beyond the double doors, directly ahead of the racing path, was a hard wall.

The infant testified that the team had not held practice in the hallway before, that she had never raced down that hallway, and that she was in the first pair to sprint. According to the infant, the coach told the students that the loser of the race would have to run laps up and down stairs. She sprinted down the hallway at full speed, tried to slow down at the unmarked finish line between the double doors, put her arms up to brace herself, but was unable to stop, causing her face to strike the wall.

The bill of particulars alleges, among other things, that the defendant failed to provide adequate supervision and was negligent in failing to exercise reasonable care to protect the infant from injuries resulting from unreasonably increased risks. After the completion of discovery, the defendant moved for summary judgment based upon the doctrine of primary assumption of risk. The Supreme Court granted the motion, and the plaintiff appeals.

The doctrine of primary assumption of risk is not a defense based on a plaintiff's culpable conduct, but, rather, is a measure of the defendant's duty of care to participants in certain types of athletic or recreational activities (*see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657 [1989]; *Turcotte v Fell*, 68 NY2d 432, 439 [1986]). "Under this theory, a plaintiff who freely accepts a known risk 'commensurately negates any duty on the part of the defendant to safeguard him or her from the risk' " (*Custodi v Town of Amherst*, 20 NY3d 83, 87 [2012], quoting *Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 395 [2010]). "Because determining the existence and scope of a duty of care requires an examination of plaintiff's reasonable expectations of the care owed him [or her] by others, the plaintiff's consent does not merely furnish the defendant with a defense; it eliminates the duty of care that would otherwise exist" (*Cotty v Town of Southampton*, 64 AD3d 251, 254 [2009] [internal

quotation marks and citation omitted]; *see Turcotte v Fell*, 68 NY2d at 437).

"As a general rule, application of assumption of the risk should be limited to cases appropriate for absolution of duty, such as personal injury claims arising from sporting events, sponsored athletic and recreative activities, or athletic and recreational pursuits that take place at designated venues" (*Custodi v Town of Amherst*, 20 NY3d at 89). Here, there is no dispute that the infant voluntarily participated on her school's soccer team, a sponsored athletic activity.

Pursuant to the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity, "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Philippou v Baldwin Union Free Sch. Dist.*, 105 AD3d 928, 929 [2013]; *Weinberger v Solomon Schechter Sch. of Westchester*, 102 AD3d 675, 677 [2013]; *Alqurashi v Party of Four, Inc.*, 89 AD3d 1047, 1047 [2011]).

Furthermore, "in assessing whether a defendant has violated a duty of care within the genre of tort-sports activities and their inherent risks, the applicable standard should include whether the conditions caused by the defendants' negligence are unique and created a dangerous condition over and above the usual dangers that are inherent in the sport" (*Morgan v State of New York*, 90 NY2d at 485 [internal quotation marks omitted]; *see Weinberger v Solomon Schechter Sch. of Westchester*, 102 AD3d at 678).

On its motion for summary judgment, the defendant failed to establish, prima facie, that by voluntarily participating as a member of her school soccer team, the infant consented to the risks of racing in the school hallway. In other words, the defendant did not establish that the commonly appreciated risks which are inherent in and arise out of the nature of soccer generally and flow from such participation on the soccer team included the risks of running into a wall while racing in the school hallway (*see Morgan v State of New York*, 90 NY2d at 484; *see Philippou v Baldwin Union Free Sch. Dist.*, 105 AD3d at 929; *Weinberger v Solomon Schechter Sch. of Westchester*, 102 AD3d at 677; *Alqurashi v Party of Four, Inc.*, 89 AD3d at 1047). Indeed, the hallway was not a designated athletic venue, and the infant testified that the team had not held practice in the hallway before. As a result, the defendant failed to establish prima facie that the doctrine of primary assumption of risk applies so as to relieve it of a legal duty to the infant, and thereby negate an es-

sential element of the plaintiff's negligence cause of action against it (*see Cotty v Town of Southampton*, 64 AD3d at 254; Prosser & Keeton, Torts § 68 at 480-481 [5th ed 1984]).

Moreover, "the primary assumption of risk doctrine does not serve as a bar to liability if the risk is unassumed, concealed, or unreasonably increased" (*Weinberger v Solomon Schechter Sch. of Westchester*, 102 AD3d at 678). "[A]wareness of risk is not to be determined in a vacuum. It is, rather, to be assessed against the background of the skill and experience of the particular plaintiff" (*id.*, quoting *Morgan v State of New York*, 90 NY2d at 486 [internal quotation marks omitted]).

"[A] board of education, its employees, agents and organized athletic councils must exercise ordinary reasonable care to protect student athletes voluntarily involved in extracurricular sports from unassumed, concealed or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.*, 73 NY2d at 658; *see Philippou v Baldwin Union Free Sch. Dist.*, 105 AD3d at 929; *Schmidt v Massapequa High School*, 83 AD3d 1039, 1039 [2011]; *Musante v Oceanside Union Free School Dist.*, 63 AD3d 806, 807 [2009]).

Here, the defendant also failed to establish, prima facie, that, taking into account the infant's age, skill, and her inexperience sprinting in the subject hallway, that its employee did not unreasonably increase the inherent risks of the activity by, among other things, setting the finish line too close to the wall (*see Morales v Beacon City School Dist.*, 44 AD3d 724, 726 [2007]; *Ross v New York Quarterly Mtg. of Religious Socy. of Friends*, 32 AD3d 251, 252 [2006]; *Kane v North Colonie Cent. School Dist.*, 273 AD2d 526, 528 [2000]).

Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, its motion should have been denied regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Skelos, J.P., Dillon, Maltese and Barros, JJ., concur.