ANGELA M. PIERRE, an Infant, by Her Mother and Natural Guardian, MARIE E. CALIXTE, et al., Respondents, v RAMAPO CENTRAL SCHOOL DISTRICT, Appellant. [2 NYS3d 510]—

In an action to recover damages for personal injuries, the defendant Ramapo Central School District appeals from an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated June 10, 2013, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff allegedly was injured while competing in her high school's "self-defense tournament," a voluntary competition open to female students who were enrolled in a self-defense class taught by Joseph Biddy, a physical education teacher. The self-defense class was one of several electives that female students could take to satisfy the district's physical education requirement. The plaintiffs allege, inter alia, that, since the self-defense class was in actuality a mixed martial arts class, the defendant breached its duty of care to the infant plaintiff by allowing the class to be instructed by a person with little martial arts training, and allowing that person to referee the tournament. The plaintiffs contend that the infant plaintiff and the other students in the class were not properly or sufficiently trained and that Biddy did not have the requisite knowledge and experience to recognize the dangers posed by the moves being performed in the tournament.

The defendant moved for summary judgment dismissing the complaint, arguing that the doctrine of primary assumption of risk barred the action and that any negligent supervision on its behalf was not a proximate cause of the infant plaintiff's injuries in any event.

"Pursuant to the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity, consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Braile v Patchogue Medford Sch. Dist. of Town of Brookhaven*, 123 AD3d 960, 962 [2014] [internal quotation marks omitted]; *see Morgan v State of New York*, 90

NY2d 471, 484 [1997]; *Philippou v Baldwin Union Free Sch. Dist.*, 105 AD3d 928, 929 [2013]; *Weinberger v Solomon Schechter Sch. of Westchester*, 102 AD3d 675, 677 [2013]; *Alqurashi v Party of Four, Inc.*, 89 AD3d 1047, 1047 [2011]). "[T]he plaintiff's consent does not merely furnish the defendant with a defense; it eliminates the duty of care that would otherwise exist" (*Cotty v Town of Southampton*, 64 AD3d 251, 254 [2009]; *see Turcotte v Fell*, 68 NY2d 432, 437 [1986]). However, the doctrine of primary assumption of risk does not apply to bar a cause of action where the risks at issue were unassumed, concealed, or unreasonably increased (*see Braile v Patchogue Medford Sch. Dist. of Town of Brookhaven*, 123 AD3d 960 [2014]; *Walcott v Lindenhurst Union Free School Dist.*, 243 AD2d 558 [1997]; *Laboy v Wallkill Cent. School Dist.*, 201 AD2d 780 [1994]).

On its motion for summary judgment, the defendant failed to establish, prima facie, that by voluntarily participating in the self-defense tournament, the infant plaintiff consented to the risks associated with the move that ultimately caused her injuries. Rather, the defendant's submissions demonstrated that the risks of the move that ultimately caused the infant plaintiff's injuries were concealed and unreasonably increased. In support of its motion, the defendant submitted, inter alia, the deposition testimony of the infant plaintiff, the infant plaintiff's opponent, and Biddy. Biddy's deposition testimony indicated that while the self-defense class incorporated moves from various martial arts forms, including karate, tae kwon do, judo, and jui jitsu, Biddy had no certifications in any of these martial arts and had had very little martial arts training. The deposition testimony of the infant plaintiff, the infant plaintiff's opponent, and Biddy established that although the move which caused the infant plaintiff's injury had not been taught by Biddy, students had been using this move, which was popularized in Ultimate Fighting competitions, in class and during the tournament, and that Biddy was aware of this fact. The defendant's submissions further established, through Biddy's deposition testimony and a DVD recording of the bout, that 17 seconds into the bout, Biddy observed the infant plaintiff's opponent use this move. Notwithstanding Biddy's professed safety concerns about using this move in the manner in which it was executed, Biddy admitted during his deposition that he neither stopped the bout at that point nor warned the student not to use the move (*cf. Diana G. v Our Lady Queen of Martyrs Sch.*, 100 AD3d 592 [2012]). The infant plaintiff was injured when her opponent used the move for a second time, near the end of the 90-second bout. Under these circumstances, the defendant failed to establish that the

doctrine of primary assumption of risk applies so as to relieve it of a legal duty to the infant plaintiff, and thereby negate an essential element of the plaintiffs' negligence cause of action against it (see Cotty v Town of Southampton, 64 AD3d at 254; Prosser & Keeton, Torts § 68 at 480-481 [5th ed 1984]).

For the same reasons, the defendant also failed to establish, prima facie, that its alleged lack of adequate supervision was not a proximate cause of the infant plaintiff's injuries (see Schleef v Riverhead Cent. School Dist., 80 AD3d 743 [2011]; Morales v Beacon City School Dist., 44 AD3d 724 [2007]; cf. Diaz v City of Yonkers, 103 AD3d 682 [2013]; Paca v City of New York, 51 AD3d 991 [2008]). Since the defendant failed to sustain its prima facie burden, we need not consider the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

In light of the foregoing, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Leventhal, Hall and Hinds-Radix, JJ., concur.