*853 In an action to recover damages for personal injuries, the defendant Uniondale Union Free School District appeals from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered November 18, 2014, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant Roosevelt Union Free School District cross-appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
Ordered that the order is affirmed, with one bill of costs to the plaintiff.
The plaintiff, suing individually and on behalf of his infant daughter (hereinafter the infant), who was then a senior varsity softball player on the Roosevelt High School team, alleges that the infant was injured while participating in an infield sliding drill during softball practice on a grass field at an elementary school in the Uniondale Union Free School District (hereinafter the Uniondale UFSD). At the time of the accident, the baseball/softball field at Roosevelt High School, in the Roosevelt Union Free School District (hereinafter the Roosevelt UFSD), was being renovated. On the date of the incident at issue, the infant’s practice was held, for the first time, at the Uniondale UFSD elementary school field, as no field in the Roosevelt UFSD was deemed acceptable for the purposes of softball practice. Prior to the incident, the Roosevelt UFSD had received permission from the Uniondale UFSD to use the grass field at the elementary school. The infant’s father commenced this action against the Uniondale UFSD and the Roosevelt UFSD (hereinafter together the defendants). The Roosevelt UFSD moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the Uniondale UFSD cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion and the cross motion.
Pursuant to the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity “consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation” (Morgan v State of New York, 90 NY2d 471, 484 [1997]; see Philippou v Baldwin Union Free Sch. Dist., 105 AD3d 928, 929 [2013]; Weinberger v Solomon Schechter Sch. of Westchester, 102 AD3d 675, 677 [2013]). This includes risks associated with the construction of the playing *854 surface and any open and obvious condition on it (see Ziegelmeyer v United States Olympic Comm., 7 NY3d 893 [2006]; Sykes v County of Erie, 94 NY2d 912 [2000]; Maddox v City of New York, 66 NY2d 270 [1985]). Participants are not deemed to have assumed the risks of reckless or intentional conduct, or concealed or unreasonably increased risks (see Morgan v State of New York, 90 NY2d at 485; see also Mussara v Mega Funworks, Inc., 100 AD3d 185 [2012]; Toro v New York Racing Assn., Inc., 95 AD3d 999 [2012]; Joseph v New York Racing Assn., 28 AD3d 105, 108 [2006]). “ ‘[A]wareness of risk is not to be determined in a vacuum. It is, rather, to be assessed against the background of the skill and experience of the particular plaintiff ” (Weinberger v Solomon Schechter Sch. of Westchester, 102 AD3d at 678, quoting Morgan v State of New York, 90 NY2d at 486 [internal quotation marks omitted]; see Maddox v City of New York, 66 NY2d at 278).
The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Braile v Patchogue Medford Sch. Dist. of Town of Brookhaven, Suffolk County, N.Y., 123 AD3d 960 [2014]). Here, the defendants failed to establish, prima facie, that the infant’s coach, by having her perform an infield sliding drill on the subject grass field, did not unreasonably increase the inherent risks of the activity (see Braile v Patchogue Medford Sch. Dist. of Town of Brookhaven, Suffolk County, N.Y., 123 AD3d 960 [2014]). Since the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law, the motion and cross motion were properly denied, and the Court need not determine the sufficiency of the plaintiff’s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Skelos, J.P., Hall, Roman and Duffy, JJ., concur.